**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-2219**

———————

JOHNNY ROY HALL,

　　　　　Plaintiff - Appellant,

　　　v.

MARTIN J. O'MALLEY, Commissioner for Social Security Administration,

　　　　　Defendant - Appellee.

———————

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, Senior District Judge.  (2:21-cv-00022-JPJ-PMS)

———————

Submitted:  November 27, 2023　　　　　　　　Decided:  February 21, 2024

———————

Before AGEE and QUATTLEBAUM, Circuit Judges., and FLOYD, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Hugh F. O'Donnell, Norton, Virginia, for Appellant.  Christopher R. Kavanaugh, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia; Diana J. Lin, Special Assistant United States Attorney, Brian C. O'Donnell, Associate General Counsel, Office of Program Litigation, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnny Roy Hall appeals the district court's order accepting the recommendation of the magistrate judge and upholding the decision of the Administrative Law Judge (ALJ) denying his claims for disability insurance benefits and supplemental security income. Like the district court, this Court affirms an ALJ's decision if it applied correct legal standards and its factual findings are supported by substantial evidence. *Brown v. Comm'r of Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (cleaned up).

We have reviewed the record and perceive no reversible error. The ALJ applied the correct legal standards, and the ALJ's factual findings are supported by substantial evidence. In particular, and contrary to Hall's central claim, the ALJ did not err in according only "some weight" to a prior ALJ decision that found Hall's anxiety was severe. Joint Appendix ("J.A.") 34.* *See Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473,

---

* That previous decision, while noting Hall's anxiety as a "severe impairment," ultimately found he was not disabled under the Social Security Act and denied benefits. J.A. 81, 92.

2

476–77 (4th Cir. 1999) (ALJs not required to give preclusive effect to prior findings).  The ALJ explained that Hall's anxiety was now well controlled with medication and that his mental status was normal at most medical appointments during the relevant period.  J.A. 34.  Accordingly, we affirm the district court's judgment upholding the denial of benefits.

*AFFIRMED*